| UNITED STATES DISTRICT COURT | NOT FOR PUBLICATION |
| EASTERN DISTRICT OF NEW YORK | |

---------------------------------------------------------------X

MARIE L. BANKS,

                      Plaintiff,

                                                                                         MEMORANDUM

                - against -                                                   AND ORDER

                                                                                   15-cv-461 (JG)(VMS)

VERIZON; HACKERS; and FIRE DEPARTMENT
EMS,

                    Defendants.

---------------------------------------------------------------X

John Gleeson, United States District Judge:

        On January 26, 2015, Plaintiff Marie L. Banks filed this *in forma pauperis* action *pro se* against Verizon, a telecommunications company, unspecified "hackers" and the Emergency Medical Services of the New York City Fire Department ("FDNY"). I grant Ms. Banks's request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 solely for the purpose of this Order. For the reasons set forth below, the complaint is dismissed.

BACKGROUND

        In her complaint, Ms. Banks makes various vague allegations and claims for relief. Although many of the allegations are incomprehensible, Ms. Banks expresses a general concern that people are spying on her, invading her privacy, mistreating her because of her mental illness and that she is in danger of kidnapping and other threats from terrorists. As best I can tell, the main cause of action arises from certain Verizon bills for telephone service and a bill for transportation in one of the FDNY's ambulances on an unspecified date.

    A.    *Legal Standard*

        Under 28 U.S.C. § 1915(e)(2)(B), a district court shall dismiss an *in forma*

*pauperis* action where it is satisfied that the action is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." To avoid dismissal, a complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim will be considered plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

A court must construe a *pro se* litigant's pleadings liberally, *see Erickson v. Pardus*, 551 U.S. 89, 94 (2007), and a *pro se* complaint should not be dismissed without granting the plaintiff leave to amend "at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795-96 (2d Cir. 1999) (quotations and citations omitted). Nevertheless, "a *pro se* plaintiff must still comply with the relevant rules of procedural and substantive law, including establishing that the court has subject matter jurisdiction over the action." *Wilber v. U.S. Postal Serv.*, No. 10-cv-3346 (ARR), 2010 WL 3036754, *1 (E.D.N.Y. Aug. 2, 2010) (quotations and citations omitted); *Ally v. Sukkar*, 128 Fed. App'x 194, 195 (2d Cir. 2005) ("Although we construe a *pro se* plaintiff's complaint liberally, a plaintiff attempting to bring a case in federal court must still comply with the relevant rules of procedural and substantive law, including establishing that the court has subject matter jurisdiction over the action.") (citations omitted).

Federal courts are courts of limited jurisdiction and may not preside over cases absent subject matter jurisdiction. *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 552 (2005); *Frontera Resources Azerbaijan Corp. v. State Oil Co. of Azerbaijan Republic*, 582 F.3d 393, 397 (2d Cir. 2009). The requirement of subject matter jurisdiction cannot be waived,

*United States v. Cotton*, 535 U.S. 625, 630 (2002), and its absence may be raised at any time by a party or by the court *sua sponte*. *See Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006). When a court lacks subject matter jurisdiction, dismissal is mandatory. Fed. R. Civ. P. 12(h)(3). Such jurisdiction exists only when a "federal question" is presented, 28 U.S.C. § 1331, or when the plaintiff and defendant are of diverse citizenship and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332.

## DISCUSSION

Ms. Banks alleges that the jurisdiction of the Court is invoked pursuant to an "orchestration of kidnapping for mass grave via Rikers Island." ECF No. 1 at 1 (page numbers are assigned by the Court's electronic filing system). However, the complaint raises concerns over her telephone bill, an ambulance bill she received from the FDNY, and other allegations whose meaning, after multiple readings, remains elusive. Accordingly, I may not exercise subject matter jurisdiction over the complaint. Even allowing the *pro se* complaint a liberal reading, there is a complete absence of facts suggesting the existence of a "colorable federal claim." *See Rodriguez ex rel. Rodriguez v. DeBuono*, 175 F.3d 227, 233 (2d Cir. 1999). Diversity jurisdiction is likewise absent since plaintiff and at least one of the defendants are residents of New York. *See Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005) (holding 28 U.S.C. § 1332 requires complete diversity between all plaintiffs and all defendants).

As a result, the complaint must be dismissed because Ms. Banks fails to state a claim that would confer jurisdiction upon this Court pursuant to its federal question or diversity jurisdiction. *See* Fed. R. Civ. P. 12(h)(3); *Manway Constr. Co., Inc. v. Hous. Auth. of City of Hartford*, 711 F.2d 501, 503 (2d Cir. 1983). Whereas, ordinarily, I would allow Ms. Banks an opportunity to amend her pleading, *see Cruz v. Gomez,* 202 F.3d 593, 597-98 (2d Cir. 2000), I

need not afford that opportunity here because it is clear from the face of the complaint that subject matter jurisdiction is lacking.

## CONCLUSION

Accordingly, the plaintiff's *pro se* complaint is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) on grounds that it lacks subject matter jurisdiction. I certify pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

So ordered.

John Gleeson, U.S.D.J.

Dated: Brooklyn, New York
 March 25, 2015